The Chief Justice
delivered the opinión.
Bodley having brought suit against Ross upon an entry interfering with the land on which Ross lived, and Pogue baring a patent which also interfsrred therewith, the parties entered into a written compromise, whereby Bodley and Pogue are the part jointly covenanted to sell and convey their claims to Ross as soon as the purchase money should be paid; and Ross, on bis part, covenanted to pay jointly to Bodley and Pogue the purchase money at the times and in the manner therein stipulated. The suit which Bodley then had depending against Ross, beiDg af-terwards discontinued, be filed this bill against Ross, asserting the validity of the entry upon which he had brought the first suit, and praying that Ross might be decreed to convey to him the land, or be compelled specifically to execute the contract of compromise.
On a final bearing, his bill was dismissed without prejudice, and he has appealed to this court.
We can perceive no error in the decree of the circuit court. Pogue was evidently a necessary party, and unless he had been before the court, Bodley could not be entitled to the relief be asked. He could not set up his entry and have a decree for the land, without first setting aside the contract of compromise, and as Pogue was jointly interested with Bodley in that contract, he was an indispensable party to a bill having for its object the rescisión of the contract. And for the same reason, it is equally obvious that be was a necessary party to a bill brought for the purpose of enforcing the specific execution of the contract.
The court below might have given Bodley leave to amend his bill and make Pogue a party; but it was a matter in the discretion of that court, whether it would adopt that course or dismiss the bill without prejudice, and having,. by decreeing the latter, acted within the pale of its discretion, we cannot say that the decree is erroneous.
Th? decree must be affirmed with ccsls.